**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BENIGNO LINAREZ-FLORES,

Defendant - Appellant.

No. 09-2248

(D. New Mexico)

(D.C. No. 2:09-CR-01697-JAP-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Mr. Linarez-Flores pleaded guilty to the charge of re-entry of a deported alien, contrary to 8 U.S.C. § 1326. Because he had committed a felony crime of violence (a vicious attack on his pregnant wife) before his deportation, his adjusted offense level was 24 under the United States Sentencing Guidelines. After adjustments for acceptance of responsibility, his total offense level was 21. With a criminal-history category of I, his advisory guidelines range was 37-46

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

months' imprisonment. The district court varied downward from the advisory range and imposed a term of imprisonment of 24 months. The court also recommended that "Immigration and Customs Enforcement begin removal proceedings during service of sentence." R., Vol. 1 at 18.

On appeal Mr. Linarez-Flores contends that the district court abused its discretion by not varying downward even further. We construe this contention as a claim that the sentence was substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and reject the claim.

Under our decision in *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006), we would presume that a sentence of Mr. Linarez-Flores within the advisory guideline range of 37-46 months was substantively reasonable—that is, neither unreasonably harsh nor unreasonably lenient. Thus, he has an even greater burden to overcome the presumption that the more-lenient sentence of 24 months was unreasonably harsh. Yet his sole argument on appeal to distinguish him from others who committed his offense and have his criminal history is that when he was arrested he was being driven to his home of El Salvador. In our view, that argument does not suffice to overcome the presumption.

We AFFIRM the judgment and sentence below.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge